**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES ex rel. DANIEL THOMPSON, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> HONEYWELL INTERNATIONAL, INC., <br><br> Defendant - Appellee. | No. 14-55879 <br><br> D.C. No. 2:12-cv-02214-JAK-JCG <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Argued and Submitted May 3, 2016
Pasadena, California

Before: KOZINSKI, W. FLETCHER, and GOULD, Circuit Judges.

We affirm the district court's dismissal with prejudice. "Under the False

Claim[s] Act's scienter requirement, innocent mistakes, mere negligent

misrepresentations and differences in interpretations will not suffice to create

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

liability.  Instead, Relators must allege that [the defendant] knew that its statements were false, or that it was deliberately indifferent to or acted with reckless disregard of the truth of the statements." *United States ex rel. Lee v. Corinthian Colls.*, 655 F.3d 984, 996 (9th Cir. 2011) (citation and internal quotation marks omitted). "Because they involve allegations of fraud, *qui tam* actions under the [False Claims Act] must meet not only the requirements of Rule 8, but also the particularity requirements of Rule 9." *Id.* at 992.  Assuming *arguendo* that Honeywell is not permitted to charge the United States a license fee for the software at issue, the operative complaint does not specifically allege facts leading to the plausible inference that Honeywell knew that it was not entitled to charge the fee or that it was deliberately indifferent to or acted with reckless disregard of the truth.  The complaint therefore does not state a claim under the False Claims Act.  The district court did not abuse its discretion in dismissing the case with prejudice because Thompson failed to cure this pleading defect after the court gave him multiple opportunities to do so.

**AFFIRMED.**